# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Lisa Ann H., ) | |
| ) | Civil Action No.: 0:20-cv-02408-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Kilolo Kijakazi,[1] Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on April 26, 2021. (ECF No. 24.) The Report addresses Plaintiff's claim for disability insurance benefits and recommends the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 24 at 24.) Plaintiff filed an Objection to the Magistrate Judge's Report (ECF No. 26), and the Commissioner replied (ECF No. 27). For the reasons stated herein, the court **ACCEPTS** the Report and incorporates it herein. The Commissioner's decision is therefore **AFFIRMED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth relevant facts and legal standards which the court incorporates here without a full recitation. (ECF No. 24 at 1-3.) Plaintiff filed an application for disability benefits on January 16, 2018. (*Id.* at 1.) An administrative law judge ("ALJ") determined, on November

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action is required to continue this suit under the last sentence of 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

8, 2019, that Plaintiff was not disabled as defined under the Social Security Act and not entitled to benefits. (*Id.*)

The ALJ determined Plaintiff had the following severe impairments: seronegative inflammatory arthritis, degenerative disc disease, and osteoarthritis of the fingers and toes. (*Id.* at 2.) The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b), including carrying up to 20 pounds occasionally and 10 pounds frequently; standing or walking for six hours of an eight-hour workday, and siting for six hours of an eight-hour workday with normal breaks. She could "frequently climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, stoop, kneel, crouch, and crawl." (ECF No. 24 at 2.) After considering Plaintiff's RFC, age, education, and work experience, the ALJ determined that she could return to her past relevant work. (ECF No. 24 at 2.) On this basis, the ALJ denied disability benefits to Plaintiff because she was not disabled for purposes of the Social Security Act ("the Act"). (*Id.*)

Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on June 3, 2020. (ECF No. 24 at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed this action on June 25, 2020. (ECF No. 1.)

In the Report, the Magistrate Judge concluded first that "Plaintiff failed to demonstrate that the ALJ's evaluation of Plaintiff's subjective complaints is unsupported by substantial evidence or controlled by an error of law." (ECF No. 24 at 7.) Next, the Report rejected Plaintiff's argument

2

that the ALJ insufficiently weighted two medical opinions on Plaintiff's medical record. Plaintiff argued the ALJ needed to consider each of the factors listed in 20 C.F.R. § 404.1520c(c)(3)-(5) pursuant to the rule in *Dowling*, 986 F.3d 377 (4th Cir. 2021), before assigning weight to a medical opinion from a treating physician.[2] The Magistrate Judge explained however, that under the amended language of the regulations, the Commissioner "may, but *[is] not required to*, explain how [she] considered" the specified factors." (ECF No. 24 at 12 (citing 20 C.F.R. § 404.1520c(b)(2) (emphasis added)).) The Report elaborated that *Dowling* does not extend to "the distinguishable language in the new regulation." (*Id*. at 12-13.) The Report concluded that the ALJ appropriately considered "both the supportability and consistency of the medical opinions in accordance with 20 C.F.R. § 404.1520c." (*Id*. at 13.)

Plaintiff also challenged the ALJ's RFC determination, arguing that she should have been limited to sedentary work. (*Id*. at 15.) She pointed to the ALJ's failure to consider her impairments holistically and account for her complaints of pain. (*Id*.) She alleged the ALJ applied the "incorrect framework in assessing her RFC and did not fully explain the function-by-function analysis" as required by the Fourth Circuit's decision in *Dowling*, 986 F.3d at 386-89. (*Id*.) The Magistrate Judge distinguished Plaintiff's case from *Dowling* and explained that the ALJ had applied the correct regulation to guide his RFC analysis. (*Id*. at 17.) While the ALJ had not expressly performed a function-by-function assessment within his RFC analysis, he had considered Plaintiff's subjective complaints, medical history and treatment, daily activities, and medical opinions on the record. (*Id*.) And because the ALJ also relied on a state agency

---

[2] Specifically, Plaintiff argued that a questionnaire supplied by a treating physician, Dr. Littlefield and an opinion supplied by Dr. Ruffing, a consultative examiner who examined Plaintiff's mental status, supported her testimony, and were insufficiently weighted by the ALJ. (ECF No. 24 at 9-10.)

3

consultant's opinion which included a function-by-function analysis, the Magistrate Judge concluded that the ALJ had built the requisite "logical bridge" from the evidence on the record to his RFC determination. (*Id*. at 18.) Likewise, the Magistrate Judge also characterized Plaintiff's allegation that the ALJ had not properly considered the combined effect of her symptoms as conclusory and without support. (*Id*. at 20.)

Finally, Plaintiff challenged the ALJ's findings with respect to her mental RFC, because the ALJ found, at most, mild limitations in each of the functional areas he considered. (*Id*. at 21-22.) The Magistrate Judge found the ALJ's determination was supported by substantial evidence on the record, because he properly weighed Plaintiff's testimony and subjective complaints against the evidence on the record. Thus, the Report found the ALJ's conclusions regarding Plaintiff's mental RFC was also supported by substantial evidence. (*Id*. at 23.) The Report recommended that the court affirm the Commissioner's decision. (*Id*. at 24.)

The parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 25.) Plaintiff filed an Objection (ECF No. 26), and the Commissioner filed a Response (ECF No. 27.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part,

4

the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff makes three objections to the Report (ECF No. 26), challenging the ALJ's (1) credibility assessment of Dr. Littlefield's questionnaire and Dr. Ruffing's opinion under *Dowling*, 986 F.3d 377 (*id.* at 1-5), (2) failure to consider the combined effect of her impairments, perform a function-by-function analysis and general "overassessment" of her physical RFC (*id.* at 5-6), and (3) improper assessment of her mental RFC (*id.* at 6-7). The Commissioner responded that Plaintiff's Objection largely repeated the same arguments in her brief and urged the court to accept the Report's well-reasoned rejection thereof. (ECF No. 27 at 1-5.)

5

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted). The court considers Plaintiff's objections in turn.

**1. The Doctors' Medical Opinions**

First, the court concludes that Plaintiff's objection on this issue restates arguments adequately addressed by the Report. (*See* ECF No. 26 at 1-5.) Like Plaintiff's Objection, Plaintiff's Brief argues the ALJ improperly accorded little weight to the medical opinions of Dr. Littlefield and Dr. Ruffing. (*Compare* ECF No. 26 *with* ECF No. 16 at 14-35, ECF 22 at 1-6). Plaintiff again attempts to extend the holding of *Dowling*, 986 F.3d 377, to claims filed under the new regulatory regime laid out in 20 C.F.R. § 404.1520c. (*Id*. at 3.) Plaintiff's objections on this issue are effectively addressed by the Magistrate Judge's thorough analysis. A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear these

6

rehashed arguments. *Orpiano*, 687 F.2d at 47. The court finds that the Report adequately addresses Plaintiff's Objections, is well-reasoned, and properly analyzes the issues raised by the Commissioner. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result").

To the extent Plaintiff contends that after *Dowling*, the ALJ's decision must reflect a meaningful consideration of each factor within 20 C.F.R. § 404.1520c(c), the court concludes this argument contradicts the regulatory text.[3] *See* 20 C.F.R. § 404.1520c(b)(2). The ALJ is not required to articulate how each factor was considered. Remand because the ALJ's decision does not clearly demonstrate that he "meaningfully considered each of the factors," (ECF No. 26 at 3), imposes an articulation requirement that the regulation plainly rejects. The ALJ may, for instance, opt not to discuss certain factors because they would not move the needle in his conclusion, or because the factors already discussed in depth are relatively conclusive. Under Plaintiff's view, it is hard to say how the explicit text of 20 C.F.R. § 404.1520c(b)(2) would carry any weight at all. The ALJ's consideration of each factor would, after all, only be "apparent" if he specifically named and discussed each factor or reached the claimant's desired outcome. Because *Dowling* did not interpret the new regulations, it cannot eviscerate them now. In reality, Plaintiff does not challenge the ALJ's failure to consider each factor in his analysis, but rather, the merits of his decision to afford little weight to the opinions of Drs. Littlefield and Ruffing. On this issue, however, the

---

[3] 20 C.F.R. §404.1520c(b)(2) identifies "supportability" and "consistency" as the most important factors in determining the persuasiveness of a medical source's opinion. It therefore requires the Commission to discuss the supportability and consistency factors. As to the remaining factors, however, the regulation states simply that the Commission "may, but [is] not required to, explain how [it] considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when [it] articulate[s] how [it] consider[s] medical opinions and prior administrative medical findings in [the claimant's] case record." 20 C.F.R. § 404.1520c

court's discretion is limited. As established by the law of this circuit and underscored in the Report, it is not for this court to "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." (ECF No. 25 at 2 (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).)

Plaintiff asks us to do just that. As to Dr. Littlefield's questionnaire, for example, Plaintiff urges the court to consider "multiple references to Plaintiff's pain" during the course of her long treatment relationship with Dr. Littlefield. (ECF No. 26 at 1.) At the same time, Plaintiff argues the court should discount inconsistencies between Dr. Littlefield's opinions expressed on the questionnaire and other evidence from his records indicating Plaintiff had "essentially no abnormalities" and that her "symptoms significantly improved on medication." (ECF No. 24 at 10.) The Report correctly notes that the ALJ properly considered the entirety of Plaintiff's treatment history with Dr. Littlefield and reconciled that history with unexplained opinions within a "vague" questionnaire which did not list specific functional limitations. (*Id*.) This addresses both supportability and consistency – the factors explicitly required under 20 C.F.R. §404.1520c(b)(2) – by noting how the opinions in the questionnaire are "not supported by any explanation as to the basis of the opinion" and also "internally inconsistent." (*Id*. at 13.) The ALJ's conclusion is therefore supported by substantial evidence from Plaintiff's treatment history and balances contradictions on the record by assessing their relative weight.

Similarly, Plaintiff argues the ALJ "almost completely discounted" Dr. Ruffing's opinion as to Plaintiff's mental impairments and did not consider the factors listed in 20 C.F.R. §404.1520c. (ECF No. 26 at 4.) Here too, the ALJ's analysis explicitly considered the supportability and consistency of Dr. Ruffing's opinions by noting Plaintiff's previous lack of mental health treatment history and the absence of other evidence on the record which could

substantiate greater than mild limitations in concentration, persistence, or pace. (ECF No. 12-2 at 28.) Implicit in the ALJ's analysis is the consideration that this was Dr. Ruffing's first evaluation of Plaintiff. Any opinions expressed in such an evaluation cannot come "out of the blue" – so supportability is of particular importance here. The ALJ emphasized conflicting findings regarding mood, affect, and concentration from Plaintiff's other mental status exams and her own admission that she stopped working due to physical, rather than mental symptoms. (ECF No. 12-2 at 28.) These considerations are not outweighed by Plaintiff's subjective reports of mental difficulties standing alone. And at any rate, the ALJ's weighing of conflicting evidence finds support in the record. The court thus accepts the Report's recommendation as to the weight of the medical opinions on the record.

### B. Physical RFC

On this issue, Plaintiff objects that the ALJ's RFC determination did not consider the "combined effect" of her impairments and "did not provide a function-by-function assessment within the RFC analysis." (ECF No. 26 at 5-6.)

The Report notes that despite the absence of a function-by-function assessment, the ALJ's discussion of Plaintiff's subjective complaints, medical history, and daily activities was sufficient, especially because the ALJ formulated Plaintiff's RFC by relying on the opinions of state agency consultants who had already completed function-by-function assessments of Plaintiff's abilities. (ECF No. 24 at 17.) These assessments, the Report emphasized, "closely track the RFC outlined by the ALJ." (*Id.*)

An ALJ "must include 'a narrative discussion describing how the evidence supports' his 'explanation of the varying degrees of weight he gave to differing opinions concerning [the claimant's] conditions and limitations.'" *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018)

(quoting *Monroe v. Colvin*, 826 F.3d 176, 180 (4th Cir. 2016)).  In *Thomas v. Berryhill*, the Fourth Circuit explained "that a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019).  The logical explanation component, "is just as important as the other two."  *Id.*  Specifically, the Fourth Circuit "makes clear that meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion."  *Id.* (citing *Woods*, 888 F.3d at 694).  In essence, the ALJ must logically connect the medical evidence to his conclusions.  *See Dowell v. Colvin*, No. 1:12-cv-1006, 2015 WL 1524767, at *4 (M.D.N.C. Apr. 2, 2015).  The ALJ is not required to "specifically refer to every piece of evidence in her decision."  *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).  Nonetheless, the ALJ's RFC determination "warrants some explanation."  *Thomas*, 916 F.3d at 312.

The Fourth Circuit previously rejected a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis.  *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).  Yet, *Mascio* emphasized that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  *Id.*  (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam).  The narrow question here is whether *Mascio* permits the ALJ to rely on function-by-function analyses conducted by a state agency if he reconciles those conclusions with the record but does not explicitly re-state them again.  The Report concluded it does.  When the ALJ's discussion of the record is robust and "adequately builds a logical bridge from the evidence to his or her conclusion," he is not required to run through the function-by-function analysis again.  (ECF No. 24 at 17-18 (citing *Sineath v. Colvin*, 1:16-cv-28, 2016 WL 4224051, at *5 (M.D.N.C. Aug. 9, 2016); *Linares v. Colvin*, No.

5:15-cv-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015); *Wilbanks v. Comm'r Soc. Sec. Admin.*, No. 1:17-cv-01069-JMC, 2018 WL 4476118, at *3 (D.S.C. Sept. 19, 2018); *Savage v. Berryhill*, No. 5:16-cv-1138-KDW, 2017 WL 3124177, at *10 (D.S.C. July 24, 2017)).

This court previously held that "meaningful review" of the ALJ's decision was possible even when the ALJ did not perform an explicit function-by-function analysis. *Wilbanks*, No. 1:17-cv-01069-JMC, 2018 WL 4476118, at *3. As long as the court is not "'left to guess' about Plaintiff's ability to perform relevant work functions," remand is not necessarily warranted. *Id*. Here, the ALJ's RFC analysis is thorough, taking into account the entirety of Plaintiff's medical history and testimony. As in *Wilbanks*, the ALJ "appropriately assessed and resolved contradictory evidence on the record." *Id*. The RFC determination mirrors the findings of the state agency (*see* ECF No. 12-3 at 8-11, 21-25) after concluding the findings were "generally persuasive" and reconciling the agency's conclusions with objective evidence on the record, including Plaintiff's exam results, past statements to providers, and treatment regimens (ECF No. 12-2 at 28). At this stage, a remand with instructions to explicitly reiterate the implicit function-by-function analysis in the ALJ's thorough discussion is unnecessary and will not aid judicial review. The court agrees with the Report's recommendation and holds the Report correctly found that the ALJ adequately explained his RFC determination based on the medical evidence. The court accepts the Report on this ground.

### B. Mental RFC

Plaintiff's final objection stems from her subjective testimony regarding mental impairments affecting her ability to concentrate, her memory, and mental wellness. (ECF No. 26 at 6-7.) Plaintiff challenges the ALJ's determination that her mental impairments were "non-severe" and argues that the ALJ ignored testimonial and other subjective evidence in concluding

Plaintiff had little to no limitations in each of the four functional areas. (*Id*.) In support, Plaintiff references her own testimony describing, among other challenges, her "poor impulse control and poor decision making," her ten-minute attention span, and "brain fog in the mornings." (*Id*. at 6.)

The Report adequately addressed this argument, and the court need not consider it again. Even if it did, however, this objection is a mere request to reweigh evidence on the record to reach a contrary conclusion. As discussed above, this court's "review of [] agency action is circumscribed." *Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing 42 U.S.C. § 405(g)). The court cannot "reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]," even if it would weigh the evidence differently. *Sharp v. Colvin*, 660 F. App'x 251, 256 (4th Cir. 2016) (citations omitted). While Plaintiff's objection highlights some contradictory evidence which could potentially lead to an alternate conclusion, it does not demonstrate that the ALJ's decision was unsupported by substantial evidence. Indeed, the Report examined the ALJ's discussion of Plaintiff's mental health limitations in detail and found that the ALJ cited evidence from medical source opinions, Plaintiff's past mental health treatment, and those same subjective complaints. (ECF No. 24 at 22-23.) The ALJ adequately balanced contradicting evidence to formulate Plaintiff's mental RFC. The court cannot say that the ALJ's decision was unsupported by substantial evidence and accepts the Report's conclusion on this ground.

## IV. CONCLUSION

After a thorough review of Plaintiff's Objections (ECF No. 26), the Commissioner's Reply (ECF No. 27) and the Magistrate Judge's Report (ECF No. 24), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 24) and **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED.**

United States District Judge

March 1, 2022
Columbia, South Carolina